| | |
|---|---|
| Attorney or Party Name, Address, Telephone & Fax Numbers, and California State Bar Number<br>STEVEN W. PITE (CA SBN 157537)<br>DAVID E. McALLISTER (CA SBN 185831)<br>BRIAN A. PAINO (CA SBN 251243)<br>4375 Jutland Drive, Suite 200<br>San Diego, CA 92117<br>Telephone # (619) 590-1300  Fax # (619) 590-1385<br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* AMERICA'S SERVICING COMPANY, AS SERVICING AGENT FOR US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-BNC2*, its successors and/or assigns* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**DEC 17 2008**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY may      DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>CHAUNCEY FURY, Debtor(s) and KATHY A. DOCKERY, Chapter 13 Trustee | CHAPTER: 13<br><br>CASE NO.: 2:08-BK-22034-AA<br><br>DATE:   December 3, 2008<br>TIME:   11:00 am<br>CTRM:   1375<br>FLOOR:  13th |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER 11 U.S.C. § 362 (Real Property)**
**(MOVANT: AMERICA'S SERVICING COMPANY, AS SERVICING AGENT FOR US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-BNC2, its successors and/or assigns)**

1. The Motion was:    ☒ Contested      ☐ Uncontested      ☐ Settled by Stipulation

2. The Motion affects the following real property ("Property"):

    *Street Address:*         2110 S Palm Grove Ave.,
    *Apartment/Suite No.:*
    *City, State, Zip Code:*  Los Angeles, California 90016

    Legal description or document recording number (including county of recording): Instrument No. 06 0324156, Los Angeles County of California.

    ☐ See attached page.

3. The Motion is granted under:  ☐ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
    ☒ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
    a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
    b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
    c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(This Order is continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised July 2007*                                                                                                    **F 4001-10.RP**

| In re:<br>CHAUNCEY FURY Debtor(s), and KATHY A. DOCKERY, Chapter 13 Trustee | CHAPTER 13 |
|---|---|
| | CASE NUMBER 2:08-BK-22034-AA |

6. ☐ Movant shall not conduct a foreclosure sale before the following date *(specify)*:

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☒ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:

   ☒ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☒ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:

    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

    c. ☒ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-10-ER)*.

    d. ☐ See attached continuation page for additional provisions.

###

DATED: December 17, 2008

*/s/ Alan M. Ahart*
United States Bankruptcy Judge

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised July 2007*                                                                                                    **F 4001-10.RP**

| In re:<br>CHAUNCEY FURY Debtor(s), and KATHY A. DOCKERY, Chapter 13 Trustee | CHAPTER 13<br><br>CASE NUMBER 2:08-BK-22034-AA |
|---|---|

## (*OPTIONAL*)
## EXTRAORDINARY RELIEF ATTACHMENT
## (MOVANT: AMERICA'S SERVICING COMPANY, AS SERVICING AGENT FOR US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-BNC2, its successors and/or assigns)
*(This Attachment is the continuation page for Paragraph 3(c) of the Stay Motion)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

2. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Motion
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of the Motion
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☐ That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor(s) may be
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☐ That the Debtor(s) be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. ☐ That the Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☒ Other *(specify)*: That the order be binding and effective in any other case under the Bankruptcy Code purporting to affect the subject real property filed not later than two years after the date of entry, upon recording a copy of the order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law, except that a debtor in subsequent case may move for relief from the order based upon good cause shown after notice and hearing.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised July 2007*                                                                                                            **F 4001-10.RP**

| In re:<br>CHAUNCEY FURY Debtor(s), and KATHY A. DOCKERY, Chapter 13 Trustee | CHAPTER 13<br><br>CASE NUMBER 2:08-BK-22034-AA |
|---|---|

## PROOF OF SERVICE BY MAIL

I, Michael Velasco, hereby declare:

I am employed in the County of San Diego, California.  I am over the age of eighteen years and not a party to the within action.  My business address 4375 Jutland Drive, Suite 200 San Diego, CA 92117.  I am personally and readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

On December 16, 2008, I served: **[PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY** on the interested parties in this action by placing a true copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice, for collection and mailing in the United States mail addressed as follows:

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on December 16, 2008, at San Diego, California.

/s/ Michael Velasco

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised July 2007*    **F 4001-10.RP**

Order on Motion for Relief from Stay (Real Property) – Page 5 of 6

| In re:<br>CHAUNCEY FURY Debtor(s), and KATHY A. DOCKERY, Chapter 13 Trustee | CHAPTER 13<br>CASE NUMBER 2:08-BK-22034-AA |
|---|---|

## SERVICE LIST

**DEBTOR(S)**

Chauncey Fury
2110 S. Palm Grove Avenue
Los Angeles, CA 90016

**DEBTOR(S) ATTORNEY**

John Asuncion
Law Offices of John Asuncion
4311 Wilshire Blvd., Suite 602
Los Angeles, CA 90010
johnasuncionesq@sbcglobal.net

**CHAPTER 13 TRUSTEE**

Kathy A. Dockery
700 South Flower Street, Suite 1950
Los Angeles, CA 90017

**U.S. TRUSTEE**

U.S. Trustee
Department of Justice
725 S Figueroa Street
26th Floor
Los Angeles, CA 90017

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised July 2007*                                                                                        **F 4001-10.RP**

Order on Motion for Relief from Stay (Real Property) – Page 6 of 6

| In re:<br>CHAUNCEY FURY Debtor(s), and KATHY A. DOCKERY, Chapter 13 Trustee | CHAPTER 13<br><br>CASE NUMBER 2:08-BK-22034-AA |
|---|---|

## SERVICE LIST FOR ENTERED ORDER

| **SERVED ELECTRONICALLY**<br><br>**ATTORNEY FOR MOVANT**<br><br>BRIAN A. PAINO<br>PITE DUNCAN, LLP<br>4375 Jutland Drive<br>Suite 200<br>San Diego, CA 92117<br><br>**DEBTOR(S) ATTORNEY**<br><br>John Asuncion<br>Law Offices of John Asuncion<br>4311 Wilshire Blvd., Suite 602<br>Los Angeles, CA 90010<br>johnasuncionesq@sbcglobal.net<br><br>**CHAPTER 13 TRUSTEE**<br><br>Kathy A. Dockery<br>700 South Flower Street, Suite 1950<br>Los Angeles, CA 90017<br><br>**U.S. TRUSTEE**<br><br>U.S. Trustee<br>Department of Justice<br>725 S Figueroa Street<br>26th Floor<br>Los Angeles, CA 90017 | **SERVED BY U.S. MAIL**<br><br>**DEBTOR(S)**<br><br>Chauncey Fury<br>2110 S. Palm Grove Avenue<br>Los Angeles, CA 90016 |
|---|---|

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised July 2007*  **F 4001-10.RP**